IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHLOE JEHLE,

    Plaintiff,

vs.                                                                 No.     1:18-cv-00589

KENNETH JEHLE,

    Defendant.

## MOTION TO STRIKE

KENNETH JEHLE, Defendant, moves this Court under Fed. R. Civ. P. 12(f) to strike from the Complaint filed by Chloe Jehle, Plaintiff, numerous statements that are immaterial and scandalous.  Specifically, Defendants moves this Court to strike paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 44, 46, and 47 from the Complaint filed by Plaintiff on June 4, 2018.

## LEGAL STANDARD

To succeed on a motion to strike under Fed. R. Civ. P. 12(f), the movant must clearly demonstrate that the challenged material "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."  Additionally, Fed R. Civ. P. 12(f) specifies that a party may move to strike immaterial or scandalous material from a pleading.  In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *See,.e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012)

### Scandalous Statements

In the Tenth Circuit, scandalous allegations are those that "'degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court.'" *Sierra Club*, 173

F.R.D. at 285 (quoting *Nault's Auto. Sales, Inc. v. American Honda Motor Co., Inc.*, 148 F.R.D. 25, 30 (D.N.H. 1993)). *Miller v. Pfizer Inc.*, 1999 U.S. Dist. LEXIS 18345, 1999 WL 1063046 at ¶8-9.

On June 4, 2018, Chloe Jehle, (Plaintiff), filed a Complaint consisting of a single cause of action, viz., Intentional Infliction of Emotional Distress (IIED) against the Defendant. The Complaint is littered with false, scandalous and immaterial allegations that appear designed to subject Defendant to obloquy, degrade the Defendant's moral character, and prejudice him at the onset of this suit. The specific paragraphs at issue, and their bases for striking them, are:

1. Paragraph 7 of the Complaint alleges that, "Defendant has a long and troubling history of sexual misconduct, including misconduct involving children." The allegation is as false as it is scandalous and immaterial to the requirements of notice pleading. If Plaintiff were advancing a theory of negligent infliction of emotional distress, that is, that Defendant's alleged treatment of other people caused Plaintiff to suffer emotional distress, then there might be a basis for such an averment. But, as Plaintiff's sole cause of action concerns Intentional Infliction of Emotional Distress, the allegation functions as a brazen effort at prejudicing Defendant.

2. Paragraph 8 of the Complaint alleges that Defendant was a "special education teacher" at various educational institutions. The allegation is false and provides the context for other immaterial and scandalous material in the Complaint. Defendant's vocation and his profession is entirely immaterial to the Plaintiff's theory of civil liability.

3. Paragraph 9 of the Complaint is a composite of scandalous material. The allegation concerns alleged "accusations" of "unlawful or inappropriate conduct" leveled against the Defendant by alleged third-parties and employers, none of whom are parties to this action.

The allegations are scandalous and designed to prejudice the Defendant at the earliest stages of litigation.

4. Paragraph 10 of the Complaint alleges that the "Defendant faced criminal charges for his conduct" at various schools. This is yet another composite of scandalous material. Here, the Plaintiff is alleging the existence of allegations made by others for Defendant's conduct that did not affect the Plaintiff or even concern Plaintiff's welfare. These allegations are highly misleading, and the underlying conduct did not in any way concern the Plaintiff or Plaintiff's theory of liability in the case at bar.

5. Paragraph 11 of the Complaint alleges that while the Defendant was an instructor at an educational institution, the secretary at that school "used to hide under her desk to avoid Defendant's unwanted sexual advances." This allegation is false and completely immaterial to the disputed matters before this Court. Again, Plaintiff wants to subject the Defendant to obloquy with the hope of prejudicing the Defendant.

6. Paragraph 12 of the Complaint alleges that two of Defendant's colleagues sued the Defendant for sexual harassment. The allegation is false and forms yet another composite of scandalous material. Does this allegation have any relevance to Plaintiff's claim of IIED?

7. Paragraph 13 of the Complaint alleges that students at one of the Defendant's employers "petitioned the principal for Defendant's removal" because the students were concerned with how the Defendant treated female students. Crucially, the Plaintiff was not among the female students at the Defendant's workplace. This allegation is entirely immaterial to the instant case and does not concern any aspect of Plaintiff's theory of liability.

8. Paragraph 14 of the Complaint alleges that the Defendant gave students "stripper names" and commenting on their body parts. The allegation is false and there is no suggestion that any of this conduct had any impact on the Plaintiff. It is designed to subject the Defendant to obloquy and prejudice him before this Court.

9. Paragraph 15 of the Complaint alleges that Defendant's conduct was "so outrageous" that his students would "cry outside of his classroom." Here, Plaintiff is referencing the elements of an IIED claim but in reference to non-parties for alleged conduct unrelated to the alleged factual basis of Plaintiff's claim against the Defendant. The allegation is false and references scandalous material presented elsewhere in the Complaint.

10. Paragraph 16 of the Complaint alleges that Defendant used a "cuddle chair" to facilitate fondling "special needs students." This statement is patently false and immaterial to any aspect of the Defendant's legal theory of liability and unrelated to the factual allegations at issue. It contains scandalous materials specifically designed to portray the Defendant as a sexual predator who exploits vulnerable disabled children.

11. Paragraph 17 of the Complaint alleges the existence of allegations against the Defendant that were made by third-parties regarding conduct that has absolutely no relationship to Plaintiff's allegations against the Defendant.

12. Paragraph 18 of the Complaint alleges that the Defendant has an interest in moving to Thailand and explains the Defendant's interest in Thailand as part of the Defendant's predatory tendencies. Here, Plaintiff does not even allege the existence of some other allegation made by some other party. Instead, Plaintiff simply suggests it should be manifestly obvious why the Defendant would have any interest in visiting Thailand. The allegation contains scandalous material and seeks to prejudice the Defendant.

13. Paragraph 44 of the Complaint alleges that Plaintiff contacted the police because she, the Plaintiff, sent sexually explicit videos of herself to the Defendant. The statement is false – the Plaintiff's mother contacted the police – but it also contains scandalous materials designed to prejudice the Defendant at the earliest stage in the litigation.

14. Paragraph 46 of the Complaint alleges that the State of New Mexico found "child pornography" and "internet search history for child pornography, including incest, and daddy-daughter pornography." These allegations are false, and they contain scandalous materials that the Plaintiff hopes will directly prejudice the Defendant in this action.

15. Paragraph 47 of the Complaint alleges that the Defendant plead no contest in a criminal case brought by the State of New Mexico. The allegation is true, but it is also immaterial and contains scandalous material.

Each of these paragraphs of the Complaint contain blatantly immaterial allegations, and they are clearly designed to subject Mr. Jehle to scorn, embarrass him, taint a potential jury pool, and/or cast Mr. Jehle in a bad light.

## Conclusion

Defendant is prepared to defend himself against the false allegations of the Plaintiff but contends that Plaintiff's scandalous materials are not only immaterial and designed to prejudice the Defendant, but, "detract from the dignity of this Court." It is clear that the Plaintiff has taken considerable efforts to pack her Complaint with allegations that serve no other purpose than to harass, embarrass, and slander Mr. Jehle. Moreover, it is equally clear from these superfluous allegations that Plaintiff is not motivated simply by a sincere and proper desire to pursue her claim, but rather as a form of vengeance itself. The Court should not allow the civil litigation process to become a mode for a litigant to attack their opponent through the form of irrelevant, scandalous,

allegations with impunity.

WHEREFORE, Defendant respectfully requests that this Court strike from the Plaintiff's Complaint paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 44, 46, and 47 as identified and discussed above.

BUSINESS LAW SOUTHWEST LLC

*/s/ Donald F. Kochersberger III*
_____
Donald F. Kochersberger III
David A. Richter
320 Gold Avenue SW, Ste. 610
Albuquerque, NM 87102-3299
Telephone:     (505) 848-8581
Facsimile:     (505) 848-8593
Donald@businesslawsw.com
David@businesslawsw.com

Certificate of Service

I HEREBY CERTIFY that on the 25th day of June, 2018, I filed the foregoing electronically through the CM/ECF system and served the following parties via e-mail:

Laura Schauer Ives
Adam C. Flores
*Attorneys for Plaintifff*
lsi@civilrightslaw.com
acf@civilrightslaw.com

**Electronically Filed**
Donald F. Kochersberger III
Attorney for Defendant Kenneth Jehle