IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHLOE JEHLE,

    **Plaintiff,**

v.                                No. 1:18-CV-00589-KG/JHR

KENNETH JEHLE,

    **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE [2]

This matter is before the Court upon Kenneth Jehle's *Motion to Strike* [2] filed June 25, 2018. (The parties have the same last name and for clarity will be referred to by their first names hereafter.) Chloe filed a response [6] with errata [7] on July 5, 2018. Kenneth filed a reply [10] on July 23, 2018, completing the briefing.

## BACKGROUND

Chloe filed a *Complaint for Intentional Infliction of Emotional Distress* [1-1] on May 4, 2018, in New Mexico's Second Judicial District Court. Kenneth removed the case to federal court [1] on June 25, 2018.

Chloe's complaint [1-1, *2-5] alleges that her father Kenneth "sexually exploited [her] when she was a child" and "[b]y means of coercion, … unlawfully possessed and/or distributed video of [her] engaged in sexual intercourse." *Id.*, *5, ¶¶ 53-54. Chloe alleges that Kenneth caused her extreme and severe mental distress and did so "intentionally or in reckless disregard for [her] mental health". *Id.*, ¶¶ 57-58.

Kenneth asserts that many of the statements in the complaint should be stricken as false, immaterial, scandalous, or prejudicial, under the authority of Fed. R. Civ. P. 12(f). Chloe

1

concedes that the described events are "scandalous" but denies that they should be stricken from the complaint.

## VIOLATION OF CONSULTATION REQUIREMENT

As an initial matter, Chloe asserts that Kenneth failed to follow local rules of procedure when he filed his motion without first consulting with Chloe (through counsel), and that the motion should be denied on that basis. The Court declines to deny the motion on those grounds.

In the U.S. District of New Mexico, a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). The rule encourages parties to narrow or even resolve issues without court intervention when possible. By its terms, the rule is discretionary.

Denial of the motion to strike at this time, when all briefing has been done and clearly the parties have broad disagreement about the merits of the motion, would serve little purpose but to delay a ruling on legitimate issues. Therefore, the Court will exercise its discretion to resolve the motion on its merits instead.

## MOTIONS TO STRIKE UNDER RULE 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure says that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A party may file a motion to strike or the court may act on its own. *Id.* Whether to grant a motion to strike is a matter of judicial discretion. *See Nielsen v. Moroni Feed Co.,* 162 F.3d 604, 606 n. 3 (10th Cir.1998).

The consensus of federal caselaw is that motions to strike are not favored and "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy". 5C C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.,* § 1382 (3d. ed.2004) (footnotes omitted); *see, e.g., Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 445 (D.N.M. 2018). The party filing a motion to strike has a "formidable" burden to show the violative nature of the material. *See Siegel v. HSBC Holdings, plc*, 283 F. Supp. 3d 722, 739 (N.D. Ill. 2017) (burden on movant); *Gates v. District of Columbia*, 66 F. Supp. 3d 1, 27 (D.D.C. 2014) ("formidable" burden). Some federal courts require an additional showing of prejudice, but authority from the U.S. District of New Mexico does not. *See Lane v. Page*, 272 F.R.D. 581, 598-600 (D.N.M. 2011).

## ANALYSIS: FALSE OR MISLEADING STATEMENTS

Kenneth challenges specific statements in the complaint (¶¶ 7, 8, 10, 11, 12, 14, 15, 16, 44, and 46) as either false or misleading. [2, *2-5]. A challenge to the veracity of a statement is not a proper use of Rule 12(f): a motion to strike does not allow the court to resolve disputed issues of fact. *Friedlander v. Cook*, NO. CIV 06-1160 JB/DJS, 2008 WL 4868073, *3 (D.N.M. Oct. 4, 2008) (Browning, J.) (The trial court should exercise caution to avoid "making merits decisions that it is not, on the record before it, capable of properly making."). The motion to strike will be denied to the extent that it challenges the veracity of any statements in the complaint.

## ANALYSIS: IMMATERIALITY

Kenneth challenges certain statements in the complaint (¶¶ 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 47) as immaterial. For purposes of Rule 12(f), "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being

pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, *supra,* § 1382 (footnotes omitted). "'Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy.'" *Estate of Gonzales v. AAA Life Ins. Co*., 2012 WL 1684599, at *5 (D.N.M. May 8, 2012) (Browning, J.) (quoting *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc*., 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010) (Egan, J.)).

Thus, materiality is evaluated within the context of Chloe's claim that Kenneth intentionally inflicted emotional distress upon her over a period of years through sexual and related psychological abuse. [1, *2-5]. Statements that have any possible bearing on that claim are, for this purpose, material. *Estate of Gonzales,* 2012 WL 1684599, at *5.

The analysis at this stage is not based upon admissibility of evidence at trial. Assertions in complaints can survive a motion to strike even if based upon inadmissible evidence, *see Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976). The concept of relevance, though, is common to materiality and admissibility. Because of that commonality, rules of admissibility can illustrate the kind of statements that are material to a claim.

Where the claim concerns emotional distress caused by sexual misconduct, Fed. R. Evid. 415 bears inspection because it carves out an exception to the general exclusion of evidence of other crimes or bad acts to prove current behavior consistent with that character. *See* Fed. R. Evid. 404(b)(1). Through Rule 415, Congress specifically created an exception "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation", allowing admission of "evidence that the party committed any other sexual assault or child molestation." Fed. R. Evid. 415(a), enacted in 1995 as part of Pub. L. 103-322*, see note* to Fed. R. Evid. 413. As Chloe noted in her response [6, *4], the District of

4

Kansas court has discussed the logical import of such evidence, quoting the legislative history of Rule 413: "In child molestation cases, …a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant--a sexual or sadosexual interest in children--that simply does not exist in ordinary people."  *Rivera v. Rivera*, 262 F. Supp. 2d 1217, 1226 (D.Kan. 2003), quoting Fed. R. Evid. 413 historical notes, congressional discussion (emphasis by court omitted).

To restate, the analysis under Rule 12(f) is not whether the statements are admissible in evidence, but whether they are material to the claim.  The question of admissibility of character evidence, however, arises precisely because such evidence can be relevant.  The general character evidence restrictions in criminal cases, for example, exclude relevant evidence in order to serve other judicial values:  "The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant…" *Michelson v. United States,* 335 U.S. 469, 475–76 (1948).  At trial, relevance and other values can be in tension.  Rule 12(f), however, is not concerned with admissibility at trial; for its purposes, relevance and materiality, or "possible bearing on the controversy", are synonymous.

With those principles in mind, the Court must analyze each challenged statement for materiality:

- "7. Defendant has a long and troubling history of sexual misconduct, including misconduct involving children".  Because a claim of sexual misconduct can be bolstered by a history of other sexual misconduct, *see* Fed. R. Evid. 415, the statement in paragraph 7 is material and should not be stricken.

5

- "8. Defendant was previously employed as a special education teacher at Harrison Middle School, Taft Middle School, and Cottonwood Classical Preparatory School ('Cottonwood Prep.')." Throughout the entire complaint, Chloe asserts that Kenneth has a long-standing sexual attraction to children of which his behavior toward her is a part; in that context, Kenneth's employment is a setting where he had access to children is material and should not be stricken.

- "10. Defendant faced criminal charges for his conduct at two of the three schools." In context, the allegation of criminal charges impliedly relates to improper sexual behavior toward or in the company of children, which is material to Chloe's claim. Paragraph 10 should not be stricken.

- "11. The secretary at Harrison Middle School used to hide under her desk to avoid Defendant's unwanted sexual advances." Paragraph 11 differs from other statements in that it appears to allege behavior toward an adult; nonetheless, it is an allegation of conduct beyond societal norms of sexual propriety and thus material to Chloe's claim. The same analysis applies to the following paragraph: "12. At least two co-workers at Harrison Middle School sued Defendant for sexual harassment." Paragraphs 11 and 12 should not be stricken.

- "13. A group of students at Harrison Middle School petitioned the principal for Defendant's removal because they were concerned with his conduct toward female students." In context, Chloe implies that the "conduct" at issue was sexual misconduct. Paragraph 13 is material to the primary claim and should not be stricken.

- "14. At Cottonwood Prep., Defendant gave his female middle school students 'stripper names' and commented on the size of their butts in front of the class." Paragraph 14 is a

clear statement of inappropriate sexual conduct toward children and is thus material and should not be stricken.

- "15. Defendant's conduct at Cottonwood Prep was so outrageous that children would cry outside his classroom, not wanting to go to class."  In context, the "conduct" at issue is impliedly sexual misconduct toward children.  Paragraph 15 is material and should not be stricken.

- "16. At Taft Middle School, Defendant used a 'cuddle chair' to sit his special needs students on his lap in class."  In context, paragraph 16 implies that sitting special needs children on his lap in a "cuddle chair" was an opportunity for Kenneth to engage in sexual misconduct.  Paragraph 16 is material and should not be stricken.

- "17. Defendant was criminally charged and sued for allegedly molesting a student at Taft Middle School."  Paragraph 17 is clearly material to Chloe's claim as evidence of a disposition toward sexual misconduct involving children and should not be stricken.

- "47. The State of New Mexico brought criminal charges against Defendant that resulted in no contest pleas to three felonies."  In context, the statement in paragraph 47 can be read to mean that Kenneth was charged with crimes involving sexual misconduct, potentially toward children, possibly but not conclusively involving the allegation of child pornography in paragraph 46.  Such an allegation is material to Chloe's claim of sexual misconduct toward her.  Paragraph 47 should not be stricken.

In sum, none of the statements that are challenged as immaterial should be stricken because all have "possible bearing on the controversy".

## ANALYSIS: SCANDALOUSNESS

Kenneth challenges specific statements in the complaint (¶¶ 7, 9, 10, 12, 16, 18, 44, 46, and 47) as scandalous. Chloe concedes that the cited statements are "scandalous"; in context, it is apparent that Chloe's meaning is that sexual misconduct is, by definition, scandalous. Choe's concession of the nature of the statements does not by itself determine the issue: the motion to strike requires additional analysis. Citing a U.S. District of New Hampshire case, the U.S. District of Colorado has stated: "Irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court. Relevant allegations will be stricken as scandalous only if they satisfy the above criteria *and* go into unnecessary detail." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (emphasis in original), citing *Nault's Auto. Sales v. American Honda Motor Co.*, 148 F.R.D. 25, 30 (D.N.H. 1993).

In context, Chloe's argument is that the challenged statements, though scandalous, are relevant and therefore should not be stricken. The Court has already analyzed paragraphs 7, 10, 11, 12, 16, and 47 for materiality and applies the same analysis to the issue of relevance because statements that are material are also relevant. Four paragraphs challenged as scandalous (9, 18, 44, and 46) have not yet been reviewed for relevance but are analyzed now:

- "9. At all three schools, Defendant was accused of various unlawful or inappropriate conduct, including touching students' breasts and putting his fingers in female students' mouths." This allegation of other sexual misconduct toward children is relevant to Chloe's primary claim.

8

- "18. Defendant has occasionally talked of moving to Thailand—a country he frequents which is known for sex trafficking—so that he can find a young Thai bride to divorce when he grows tired of her." Generally, this paragraph portrays Kenneth as a person who would disregard the welfare of others for his own sexual gratification. As such, it is relevant to Chloe's primary claim.

- "44. A few months later, in September of 2014, Plaintiff reported Defendant's conduct, including his possession of the videos, to the police." Paragraph 44 not only corroborates Chloe's allegation that Kenneth possessed nude videos of her but also helps to explain how previously secret misconduct became public. Each effect is relevant to the primary claim.

- "46. The State of New Mexico seized and forensically examined Defendant's computers and found child pornography and an internet search history for child pornography, including incest, and daddy-daughter pornography." As discussed in the authorities cited above, federal law recognizes other sexual misconduct to be relevant to current claims of sexual misconduct. A disposition to finding, viewing, and saving child pornography is relevant to a claim of in-person sexual misconduct toward children.

In summary, each of the challenged paragraphs is relevant to the primary claim of intentional infliction of emotional distress through a pattern of acts including repeated sexual misconduct toward a child. Material that is scandalous but also relevant is not stricken unless it goes into unnecessary detail. *Sierra Club, Inc.*, 173 F.R.D. at 285. Kenneth has not described, and the Court has not discerned, where any of the challenged paragraphs contain detail beyond that needed to establish relevance. Therefore, paragraphs 7, 9, 10, 12, 16, 18,

44, 46, and 47, each being relevant but not unnecessarily detailed, should not be stricken as scandalous.

## PREJUDICE IS NOT A FACTOR

Kenneth challenges six statements (¶¶ 7, 9, 11, 14, 18, and 46) as prejudicial. Prejudice is not a stated ground for striking a statement in Rule 12(f). Multiple reported decisions throughout the United States have applied prejudice as an additional factor necessary to strike a statement which otherwise fits within one of the categories enumerated in Rule 12(f), but the only specific discussion of this issue in the District of New Mexico is to the contrary. *See Lane v. Page*, 272 F.R.D. 581, 598-600 (D.N.M. 2011). The Court concludes that a claim that a statement is prejudicial fails to state a claim under Rule 12(f) and so the Court denies relief on that basis.

## FUNCTIONAL DISMISSAL IS NOT A FACTOR HERE

Kenneth raises one additional argument in support of his motion to strike: that the motion should be granted because it would not result in functional dismissal of the complaint. [2, *3-4, discussing *Friedlander v. Cook*, NO. CIV 06-1160 JB/DJS, 2008 WL 4868073, *3 (D.N.M. Oct. 4, 2008) (Browning, J.).]. While a functional result of dismissal could be a reason to hesitate to strike material in a complaint, the Court has concluded that none of the challenged statements should be stricken. Therefore, functional dismissal is not at issue.

## CONCLUSION

**THEREFORE**, having analyzed the challenges to the statements in the complaint and found each to be unsupported, the Court concludes that **Kenneth's motion to strike is not well-taken and should be DENIED**.

**IT IS SO ORDERED**.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE